# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | CASE NO. 15-33135 |
| GARY JOHNSTON, ) | CHAPTER 13 |
| ) | |
| DEBTOR. ) | |
| ) | |
| _____ ) | |
| RAD RIDZ, LLC, ) | |
| ) | |
| MOVANT. ) | |
| ) | |
| v. ) | |
| GARY JOHNSTON. ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND 1301 CO-DEBTOR STAY

### TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

**NOW COMES,** Rad Ridz, LLC, (hereinafter referred to as "Creditor"), a secured creditor of the Debtor, and files this its Motion for Relief from Automatic Stay and Co-Debtor Stay (the "Motion"), and in support thereof would respectfully show the Court the following:

I.

This is a proceeding under Bankruptcy Rules 4001 and 9014 seeking relief under Section 362(d) of the Bankruptcy Code. The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334(b) as it arises in or is related to a case under Title 11. Pursuant to 28 U.S.C. Section 157 and the local rules and/or the Order of the United States District Court, this proceeding will be referred to the bankruptcy judge for hearing. This proceeding constitutes a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(G).

II.

Creditor is the holder of a secured claim against the Debtor arising from the execution of the following retail installment contract and/or promissory note executed by the Debtor (hereinafter referred to as "contract").

|  |  |
|---|---|
| Date: | April 8, 2015 |
| Collateral: | 2007 Pontiac G5 |
| Collateral Identification No. | 1G2AL15F777166925 |
| No. of Payments: | 36 |
| Payment Amount: | $265.00 Monthly |

A true and correct copy of the contract is attached hereto as Exhibit "A" and is incorporated herein by reference. Creditor has a valid purchase money first lien on the collateral by virtue of the mortgage, which lien has been duly perfected pursuant to state law. Evidence of Creditor's perfected security interest is attached hereto as Exhibit "B" and is incorporated herein by reference.

III.

No payments have been made to the Chapter 13 Trustee.

IV.

Creditor would assert, upon information and belief that its interest in the collateral is not being adequately protected due to the Debtor's failure to make payments and/or failure to maintain collision and comprehensive insurance on the collateral. Creditor would further assert, upon information and belief that it is nor being adequately protected because the collateral is rapidly depreciating in value based on its use. Furthermore, Creditor would contend that the collateral is of inconsequential value to the Debtor's estate. Pursuant to Section 362 of the Bankruptcy Code, Creditor is entitled to relief from the automatic stay or cause, including the lack of adequate protection.

V.

Creditor would additionally show the Court that pursuant to the provisions of the contract, the Debtor agreed to pay reasonable attorney's fees in the event it was necessary for Creditor to hire an attorney to collect the indebtedness owing by the Debtor. Debtor is liable for said attorney fees under the terms of the Contract and 11 U.S.C. Section 506(b).

**WHEREFORE, PREMISES CONSIDERED,** Creditor requests that the automatic stay be modified to permit Creditor to foreclose upon its lien and liquidate the collateral as permitted by contract and law, and if applicable, permit Creditor to file an unsecured claim for any remaining deficiency balance. Creditor further requests that in the event the Debtor converts to another bankruptcy chapter during the pendency of this bankruptcy proceeding, any Order entered with respect to this motion shall remain in effect. In the event the Court fails to terminate the automatic stay, Creditor prays that the Court enter an Order adequately protecting the Creditor in the event of a default. Creditor further requests that Rule 4001 (a)(3) not be applicable in this case due to the lack of adequate protection. Creditor further prays that it have such other and further relief, at law or in equity, to which it may show it to be justly entitled.

Respectfully Submitted,

*/s/ Michael A. Harrison*
Michael A. Harrison
Attorney for Rad Ridz, LLC
P.O. Box 360345
Birmingham, AL 35236
(205) 987-2211

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing on the following electronically CM/ECF this the 21st day of December, 2015.

Joshua C. Milam
Shinbaum & Campbell
566 S. Perry Street
Montgomery, AL 36104
jmilam@smclegal.com

Curtis C. Reding
P. O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

                                                  */s/ Michael A. Harrison*
                                                  Michael A. Harrison
                                                  Attorney for Movant

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing on the following by placing a copy of same in the United States mail, properly addressed, and first class postage prepaid this the 21st day of December, 2015.

Joan Johnston
1050 Paige Court
Prattville, AL 36067

Gary Johnston, Jr.
1050 Paige Court
Prattville, AL 36067

                                                  */s/ Michael A. Harrison*
                                                  Michael A. Harrison
                                                  Attorney for Movant